UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

SULTAANA P.,[1]

                                              Plaintiff,         Case # 20-CV-323-FPG

v.                                                                     DECISION AND ORDER

COMMISSIONER OF SOCIAL SECURITY,

                                              Defendant.
_____

## INTRODUCTION

In November 2016, Plaintiff, a recipient of Social Security disability benefits, was deemed to be no longer disabled. Tr.[2] 113-120; ECF No. 11-1 at 2. After the Social Security Administration ("SSA") denied Plaintiff's claim for reconsideration, she timely requested a hearing, and presented for that hearing, before Administrative Law Judge Stephan Bell ("the ALJ"). Tr. 85-109, 124, 140-51. On December 6, 2018, the ALJ issued an unfavorable decision. Tr. 70-84. After the Appeals Council denied his request for review, Plaintiff appealed to this Court.[3] Tr. 1-7; ECF No. 1.

The parties moved for judgment on the pleadings pursuant to Federal Rule of Civil Procedure 12(c). ECF Nos. 11, 12. For the reasons that follow, Plaintiff's motion is GRANTED, the Commissioner's motion is DENIED, and this matter is REMANDED for further administrative proceedings.

---

[1] Under this District's Standing Order, any non-government party must be referenced solely by first name and last initial.

[2] "Tr." refers to the administrative record in this matter. ECF No. 9.

[3] The Court has jurisdiction over this action under 42 U.S.C. § 405(g).

**LEGAL STANDARD**

I.     **District Court Review**

"In reviewing a final decision of the SSA, this Court is limited to determining whether the SSA's conclusions were supported by substantial evidence in the record and were based on a correct legal standard." *Talavera v. Astrue*, 697 F.3d 145, 151 (2d Cir. 2012) (quotation marks omitted); *see also* 42 U.S.C. § 405(g). The Act holds that a decision by the Commissioner is "conclusive" if it is supported by substantial evidence. 42 U.S.C. § 405(g). "Substantial evidence means more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Moran v. Astrue*, 569 F.3d 108, 112 (2d Cir. 2009) (quotation marks omitted). It is not the Court's function to "determine *de novo* whether [the claimant] is disabled." *Schaal v. Apfel*, 134 F.3d 496, 501 (2d Cir. 1998) (quotation marks omitted); *see also Wagner v. Sec'y of Health & Human Servs.*, 906 F.2d 856, 860 (2d Cir. 1990) (holding that review of the Secretary's decision is not *de novo* and that the Secretary's findings are conclusive if supported by substantial evidence).

II.     **Disability Determination**

An ALJ must follow a five-step sequential evaluation to determine whether a claimant is disabled within the meaning of the Act. *See Parker v. City of New York*, 476 U.S. 467, 470-71 (1986). At Step One, the ALJ must determine whether the claimant is engaged in substantial gainful work activity. *See* 20 C.F.R. §§ 404.1520(b), 416.920(b). If so, the claimant is not disabled. If not, the ALJ proceeds to Step Two and determines whether the claimant has an impairment, or combination of impairments, that is "severe" within the meaning of the Act, meaning that it imposes significant restrictions on the claimant's ability to perform basic work activities. *Id.* § 416.920(c). If the claimant does not have a severe impairment or combination of

impairments, the analysis concludes with a finding of "not disabled." If the claimant does, the ALJ continues to Step Three.

At Step Three, the ALJ examines whether a claimant's impairment meets or medically equals the criteria of a listed impairment in Appendix 1 of Subpart P of Regulation No. 4 (the "Listings"). *Id.* § 416.920(d). If the impairment meets or medically equals the criteria of a Listing and meets the durational requirement, *id.* § 416.909, the claimant is disabled. If not, the ALJ determines the claimant's residual functional capacity ("RFC"), which is the ability to perform physical or mental work activities on a sustained basis, notwithstanding limitations for the collective impairments. *See id.* §§ 404.1520(e)-(f); 416.920(e)-(f).

The ALJ then proceeds to Step Four and determines whether the claimant's RFC permits him or her to perform the requirements of his or her past relevant work. *Id.* § 416.920(f). If the claimant can perform such requirements, then he or she is not disabled. *Id.* If he or she cannot, the analysis proceeds to the fifth and final step, wherein the burden shifts to the Commissioner to show that the claimant is not disabled. *Id.* § 416.920(g). To do so, the Commissioner must present evidence to demonstrate that the claimant "retains a residual functional capacity to perform alternative substantial gainful work which exists in the national economy" in light of his or her age, education, and work experience. *See Rosa v. Callahan*, 168 F.3d 72, 77 (2d Cir. 1999) (quotation marks omitted); *see also* 20 C.F.R. § 416.960(c).

## DISCUSSION

### I.     The ALJ's Decision

The ALJ analyzed Plaintiff's claim for benefits under the process described above. At Step One, the ALJ found that Plaintiff's most recent favorable medical decision finding that Plaintiff

continued to be disabled was a determination dated April 23, 2003. Tr. 74. Therefore, the ALJ designated that date as the "comparison point decision" ("CPD"). *Id.*

At Step Two, the ALJ noted that, at the time of the CPD, Plaintiff had the following medically determinable impairments: epilepsy and narcolepsy. *Id.* The ALJ further noted that, at the time of the CPD, these impairments were found to medically equal the Listing for epilepsy and/or narcolepsy. *Id.* at 74-75. Next, the ALJ found that, since November 16, 2016, Plaintiff has had the following medically determinable impairments: narcolepsy with cataplexy; obstructive sleep apnea; morbid obesity; and degenerative joint disease of the bilateral knees. *Id.* at 75. At Step Three, the ALJ found that these impairments did not meet or medically equal any Listings impairment. *Id.* The ALJ also noted that Plaintiff's "medical improvement" occurred on November 16, 2016, meaning that, by that date, "there had been a decrease in medical severity of the impairments present at the time of the CPD." Tr. 76. The ALJ further stated that "[t]here is no current medical evidence of epilepsy" and that Plaintiff testified at the hearing "that her narcolepsy and cataplexy are controlled when she is on her medications and uses her CPAP machine." *Id.*

Next, the ALJ determined that Plaintiff had the RFC to perform sedentary work but with additional limitations. *Id.* at 76-79. At Step Four, the ALJ found that Plaintiff had no past relevant work. *Id.* at 79. At Step Five, the ALJ found that, since November 16, 2016, there have been jobs that existed in significant numbers in the national economy that Plaintiff could perform. *Id.* at 79-80. The ALJ therefore found that Plaintiff's disability ended on November 16, 2016, and that Plaintiff has not become disabled again since that date. *Id.* at 80.

I.   Analysis[4]

Plaintiff advances two arguments in support of remand: (1) that the ALJ erred in assigning "little weight" to the opinion of Dr. Daniel I. Rifkin, M.D.; and (2) that the ALJ erroneously used his lay opinion in formulating the RFC.  ECF No. 7-1 at 1.  The Court does not reach Plaintiff's second argument because it agrees that remand is necessary based on the first.

An ALJ must give a treating physician's opinion controlling weight if it is "well-supported by medically acceptable clinical and laboratory diagnostic techniques and is not inconsistent with the other substantial evidence in [the] record."  20 C.F.R. § 404.1527(c)(2); *see also Green-Younger v. Barnhart*, 335 F.3d 99, 106 (2d Cir. 2003).  An ALJ may discount a treating physician's opinion if it does not meet this standard, but he must "comprehensively set forth [his] reasons" for doing so.  *Halloran v. Barnhart*, 362 F.3d 28, 33 (2d Cir. 2004); *see also* 20 C.F.R. § 404.1527(c)(2) (the SSA "will always give good reasons" for the weight afforded to a treating source's opinion).

When a treating physician's opinion is not given controlling weight, an ALJ considers the following factors to determine how much weight it should receive: (1) whether the source examined the claimant; (2) the length, nature, and extent of the treatment relationship; (3) whether the source presented relevant evidence to support the opinion; (4) whether the opinion is consistent with the record as a whole; (5) whether a specialist rendered the opinion in his or her area of expertise; and (6) other factors that tend to support or contradict the opinion.  20 C.F.R. § 404.1527(c)(1)-(6).

---

[4] Plaintiff's claim for reconsideration was filed before March 2017.  Therefore, the amendment to the regulations that applies to claims filed after March 27, 2017, does not apply to this case.  *See Raymond M. v. Commissioner*, No. 5:19-CV-1313 (ATB), 2021 WL 706645, at *4 (N.D.N.Y. Feb. 22, 2021) ("The regulations regarding the evaluation of medical evidence have been amended for claims filed after March 27, 2017, and several of the prior Social Security Rulings, including SSR 96-2p, have been rescinded.").

The ALJ determined that Plaintiff retained the RFC to perform sedentary work with the following additional limitations: can never climb ladders, ropes or scaffolds; can occasionally climb ramps and stairs and balance; can occasionally stoop; can less then occasionally kneel, crouch, crawl; can never work at unprotected heights or around moving mechanical parts; can never operate a motor vehicle as a job duty; can occasionally work in vibration; is limited to simple, routine tasks and simple work-related decisions. Tr. 76.

On April 25, 2018, Dr. Rifkin provided a letter opinion regarding Plaintiff's condition. Tr. 550. In that letter, Dr. Rifkin stated the following: "Plaintiff is followed in [the Sleep Medicine Centers of WNY] for severe narcolepsy with cataplexy and obstructive sleep apnea. She is fully disabled, as she is unable to maintain wakefulness in a work-like setting, despite multiple medications." *Id.* The ALJ acknowledged Dr. Rifkin's assessment, and acknowledged that Rifkin is a treating physician, but accorded his opinion "little weight" because he found it to be (1) "on an issue reserved to the Commissioner" and (2) "not supported by a function by function analysis." *Id.* at 78-79. This explanation was insufficient.

A medical source's statement that a claimant is "disabled" or "unable to work" does not mean that the Commissioner will find that claimant disabled, because it is the Commissioner's responsibility to determine whether a claimant meets the statutory definition of disability. *Cottrell v. Colvin*, 206 F. Supp. 3d 804, 809-10 (W.D.N.Y. 2016) (citing 20 C.F.R. § 404.1527(d)(1)). But the ALJ must still give good reasons for refusing to credit a treating physician's opinion on an issue reserved to the Commissioner. *Newbury v. Astrue*, 321 F. App'x 16, 18 (2d Cir. 2009) (summary order) (finding that the district court erred when it held that, because the treating physician's opinion went to issues reserved to the Commissioner, the plaintiff was not entitled to

an explanation of the reasons why the ALJ refused to credit the opinion).  The Second Circuit has explained that:

> Reserving the ultimate issue of disability to the Commissioner relieves the [SSA] of having to credit a doctor's finding of disability, but it does not exempt [ALJs] from their obligation . . . *to explain why* a treating physician's opinions are not being credited. The requirement of reason-giving exists, in part, to let claimants understand the disposition of their cases, even—and perhaps especially—when those dispositions are unfavorable.

*Snell v. Apfel*, 177 F.3d 128, 134 (2d Cir. 1999) (emphasis added).  Here, the ALJ only indicated that Dr. Rifkin's opinion went to an issue reserved to the Commissioner and failed to include a function-by-function analysis, without otherwise explaining why his opinion could not be credited.

Although Dr. Rifkin's opinion is brief and goes to a legal issue (the ultimate question of disability), courts have noted that the ALJ must provide good reasons for rejecting all treating-source opinions—"even laconic" ones.  *Littlejohn v. Comm'r of Soc. Sec.*, No. 17-CV-999, 2019 WL 1083693, at *5 (W.D.N.Y. Mar. 7, 2019) (noting that "even if the treating source statements were legal conclusions and not medical opinions, the ALJ nonetheless erred by discounting them without first asking for further interpretation or information from the treating sources") (citations omitted); *see also Halpin v. Colvin*, No. 17-CV-002, 2018 WL 4922920, at *4 (W.D.N.Y. Oct. 10, 2018).

Instead of considering the relevant statutory factors, the ALJ summarily rejected Dr. Rifkin's treating physician opinion.[5]  Accordingly, remand is required because Plaintiff is entitled to a proper analysis of Dr. Rifkin's opinion and, if appropriate, good reasons why it must be rejected.

---

[5] Dr. Rifkin's opinion is the only treating physician opinion discussed by the ALJ.  The other opinions discussed were from a consultative internal medicine provider and a state agency medical consultant.

## CONCLUSION

Plaintiff's Motion for Judgment on the Pleadings, ECF No. 11, is GRANTED, the Commissioner's Motion for Judgment on the Pleadings, ECF No. 12, is DENIED, and this matter is REMANDED to the Commissioner for further administrative proceedings consistent with this opinion pursuant to sentence four of 42 U.S.C. § 405(g).  *See Curry v. Apfel,* 209 F.3d 117, 124 (2d Cir. 2000).  The Clerk of Court will enter judgment and close this case.

IT IS SO ORDERED.

Dated: September 24, 2021
      Rochester, New York

_____
HON. FRANK P. GERACI, JR.
United States District Judge
Western District of New York